IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO:

INDIA BAZEMORE

    Plaintiff,
v.

MIRADOR 1200 CONDOMINIUM ASSOC., INC.

    Defendants.
_____/

## COMPLAINT

**COMES NOW,** Plaintiff, INDIA BAZEMORE, by and through the undersigned counsel, and sues Defendant, MIRADOR 1200 CONDOMINIUM ASSOCIATION, INC., and for her causes of action, states the following:

### JURISDICTIONAL ALLEGATIONS

1. The Court has original jurisdiction over the action pursuant to 42 U.S.C. § 3604 and 42 U.S.C. § 3617, because this lawsuit was brought under the Fair Housing Act, 42 U.S.C. § 3601 et seq., and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. Venue is proper in the Southern District of Florida, Miami Division, under 28 U.S.C. §1391(b) because the claim arose in this judicial district.

3. Plaintiff INDIA BAZEMORE (hereinafter BAZEMORE) currently owns and resides in Mirador 1200 Condominium, 1200 West Avenue, Apartment #718, Miami, Florida, 33139, and is otherwise *sui juris.*

4. Plaintiff INDIA BAZEMORE was at all times material, and continues to be a person with a disability, as defined by 42 U.S.C. § 3062. As a result of this disability, she has a

substantial limitation in her mobility including in her ability to navigate steps, walk long distances, and balance without aid.

5. In addition, Plaintiff BAZEMORE is substantially limited in a major life activity solely by virtue of the substantial impairment of her ambulatory systems and therefore suffers from a disability as defined by law.

6. These conditions substantially affect the living activities of BAZEMORE, including, but not limited to, significantly impairing her mobility.

7. The Defendant, MIRADOR 1200 CONDOMINIUM ASSOCATION, INC. (hereinafter "MIRADOR") is a Florida non-profit Corporation, licensed to and doing business in Miami-Dade County, Florida.

## GENERAL ALLEGATIONS

8. MIRADOR 1200 CONDOMINIUM ASSOCIATION operates a condominium of 423 units in a 15 story tower with a parking garage underneath the building ("Mirador 1200").

9. The Declaration of Condominium for Mirador were issued in 2005, after the promulgation of the Fair Housing Amendments Act, which provided a right for accommodations for persons with disabilities.

10. The Declaration of Condominium for MIRADOR includes a provision for "handicap parking spaces" at 26.16 as follows:

> Handicap Parking Spaces. Certain parking spaces in the Parking Area will be designated for use by handicapped persons ("Handicap Parking Spaces") and will be designated as such on the Condominium Map. Such Handicap Parking Spaces may be assigned by Declarant to the Occupants of particular Residential Units upon the initial sale or lease of such Residential Units or may be designated for use by the Commercial or Multi-Use Units. Declarant shall, upon assigning a Handicap Parking Space to an Occupant, designate such assignment in the records of the Association as a temporary assignment and not to be considered an appurtenance to the Unit. Such Handicap

> Parking Spaces shall not be Exclusive Use Easements. If any Handicap Parking Spaces remain unassigned after the sale or lease of all the Units in the Project, the Association shall have the right to assign and manage such spaces. The Owners who are assigned Handicap Parking Spaces shall be subject to the rights of the Association to re-assign such parking spaces. Evidence of handicap status shall be by distinguishing license plate or placard issued by the Department of Motor Vehicles. The Association shall have the authority and be responsible for coordinating the assignment of parking spaces in the Parking Area pursuant to this Section and shall adopt rules and regulations with respect thereto, including the procedure to be followed should an Occupant become handicapped and wish to use a Handicap Parking Space, forms and methods of notice to be given to the Association and Occupant, and procedures for review of the required evidence of handicap status. The Association shall maintain appropriate records of such assignment, including a copy of the evidence provided. In no event shall the Declarant or the Association be held liable if the Declarant or the Association is unable to assign a Handicap Parking Space to a handicapped Occupant because all designated Handicap Parking Spaces have previously been assigned to other handicapped Occupants.

11. These spaces are licensed for individual unit owner's use with the common set of parking spaces, and if a resident with a disability request such space, then the license for such space is reassigned to such resident with a disability.

12. After 2005, MIRADOR transferred the designated "handicapped parking spaces" to persons without disabilities on numerous occasions, and failed to maintain appropriate records of such assignment, including a copy of the evidence provided.

13. In the declaration of condominium, the designated "Handicap Parking Spaces" are deemed to be a temporary assignment and not to be considered an appurtenance to an owners unit and are not Exclusive Use Easements.

14. MIRADOR fails to advise licensees for such parking spaces that the "Handicap Parking Spaces" are subject to the rights of the Association to re-assign such parking spaces.

15. The Association has both the authority and the responsibility to coordinate the assignment of handicap parking spaces, as well as constructing rules, regulations, and procedures for assigning handicap spots if a resident becomes disabled or requests an accommodation.

16. Upon information and belief, MIRADOR converted "handicapped parking spaces" in the front of the building to "VIP Parking," which are marketed to the unit owners for use at $150.00 per month or to Valet only parking.

17. Upon information and belief, the "handicap parking spaces" within the building have been either sold, leased, or assigned to private parties for economic gain in contravention of MIRADOR's own governing documents.

18. During 2012, BAZEMORE moved into Mirador 1200 as a renter.

19. During 2013, BAZEMORE purchased and began living in a studio apartment in the building.

20. On or about June 9, 2015, BAZEMORE purchased and moved into Apartment #718, a larger apartment in the building.

21. INDIA BAZEMORE has ongoing medical care for orthopedic issues.

22. During 2016, BAZEMORE's condition worsened, and navigating stairs became particularly challenging. She applied for a state-issued parking placard on June 3, 2016.

23. This placard was duly issued to her in 2017 because of her "severe limitation" on walking caused by "an arthritic, neurological, or orthopedic condition."

24. MIRADOR charged MS. BAZEMORE $50 per month for the use of the services.

25. BAZEMORE has tried to use the valet services present at Mirador 1200, but often is rushed by the valet service operators in getting out of her car. Her mobility cannot accommodate this speed, and she is constantly concerned with falling because the pavement is slick and the ramp

adjacent to the valet area has no railing to support oneself. In addition, the practice is to provide gratuities to the valet employees to ensure adequate service.

26. On July 18, 2017, BAZEMORE requested a handicapped parking accommodation in a writing sent to Doris Ramirez, the Association Property Manager, after she had received the parking placard from the State of Florida.

27. BAZEMORE voluntarily supplied MIRADOR with a copy of her state-issued disability parking placard.

28. Ms. Ramirez did not answer the July 18, 2017 request until August 9, 2017.

29. Ms. Ramirez did not address BAZMORE's request for a handicapped parking space in her August 9, 2017 email.

30. On August 30, 2017, BAZEMORE requested an update on her request for a handicapped parking space in a writing sent to Doris Ramirez.

31. On September 5, 2017, Ms. Ramirez responded that the request was being reviewed by legal counsel and no further documentation was available.

32. On September 29, 2017, BAZEMORE once again requested an update and resolution on her request for a handicap parking accommodation.

33. MIRADOR only stated that "as previously stated being reviewed by legal counsel, no further documentation available."

34. BAZEMORE requested space # 6 in the front of the building, which was converted to a VIP space, so BAZEMORE did not need to navigate steps.

35. Because she had not received a response to her several requests for an accommodation, BAZEMORE believed that her accommodation was denied and she filed a Housing Discrimination Complaint with the Florida Commission on Human Relations and cross-

filed with the United States Department of Housing and Urban Development ("HUD") on November 9, 2017.

36. When the investigation was ongoing, MIRADOR lifted valet parking fees for anyone that had a placard or handicapped plates, however, BAZEMORE did not want to use the valet service because her disability would not allow her to safely use the valet service, and such use would economically disadvantage her every time she needed to travel outside of her apartment. However, she had no choice because there was not alternative to valet parking.

37. At the time of the Fair Housing investigation, MIRADOR claimed that it was conducting a "parking audit"

38. Upon information and belief, MIRADOR continues to maintain that the purported "audit" is still incomplete, more than two years after INDIA BAZEMORE made her request for a parking accommodation.

39. While the accommodation was not granted or denied to Ms. BAZEMORE, in its June 11, 2018 letter to HUD, MIRADOR characterized MS. BAZEMORE's request for an accessible parking spot as "insisting on a free parking spot that generally is sold for approximately $10,000-$15,000 to Condominium unit owners".

40. HUD and FCHR did not issue a finding of cause as they found that the provision of a valet parking space was a reasonable accommodation to BAZEMORE.

41. HUD and FCHR did not consider whether BAZEMORE's own requested accommodation "seems reasonable on its face" before turning to consider a defendant's objections and counterproposals. See *Schaw v. Habitat for Humanity of Citrus County, Inc.*, 938 F.3d 1259, 1269 (11th Cir. 2019)

42. After the HUD findings were issued, MIRADOR revoked the free valet parking that HUD had interpreted as an "accommodation."

43. As a result of this discrimination, INDIA BAZEMORE has restricted her activities and chooses not to leave her home when she would otherwise have enjoyed her day to day activities.

44. As a result of this discrimination, Plaintiff has actual damages, psychological distress, worry, frustration, and humiliation. These losses are either permanent or continuing in nature and Plaintiff will suffer these losses in the future.

45. By virtue of the fact that parking accommodations for persons with disabilities was included within its declarations, and by having a licensed community association manager and counsel well versed in the Fair Housing Act, MIRADOR acted in deliberate indifference to BAZEMORE's rights under the Fair Housing Act.

46. INDIA BAZEMORE has retained Disability Independence Group., and has agreed to pay a reasonable fee for the services rendered herein.

### COUNT 1 – FAILURE TO MAKE REASONABLE ACCOMMODATIONS FOR A PERSON WITH A DISABILITY
**(42 U.S.C. § 3604(f)(3), § 760.23(8), Fla. Stat.)**

47. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 46 above as though set forth herein.

48. Discrimination is defined as the refusal to make reasonable accommodations in rules, policies, practices or services, when such accommodations may be necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling.

49. BAZEMORE requested a reasonable accommodation because of her disability.

50. BAZEMORE presented a parking placard to demonstrate her disability and need

for a parking accommodation.

51. The accommodation of a designated accessible parking space for BAZEMORE that is closest to her apartment most convenient to the entrance served, with the full range of choices that are provided for other residents of the dwelling site is an accommodation that is reasonable in the run of cases.

52. When MIRADOR became a condominium, its declaration complied with Miami-Dade accessible parking requirements which required that accessible parking on a route accessible to wheelchairs and shall be in a number not less than two (2) percent of the total number of covered dwelling units.

53. MIRADOR fails and continues to fail to have ten accessible parking on a route accessible to wheelchairs, and has given these spaces to persons who do not have disabilities.

54. Not only does MIRADOR fail to have the minimum required spaces by Miami-Dade county code, it refuses to provide accessible parking spaces for residents with disabilities as a reasonable accommodation.

55. Providing a designated accessible space is not an undue burden or a fundamental alteration to MIRADOR.

56. MIRADOR refused to respond to BAZEMORE's request at any time prior to the filing of the administrative fair housing complaint.

57. A delay in an accommodation is deemed to be a denial of an accommodation.

58. Defendant's failure to assign a parking spot pursuant to the requests of Plaintiff BAZEMORE to accommodate her disability is discriminatory and unlawful.

59. Such actions by Defendant were in total and reckless disregard of Plaintiff BAZEMORE's rights and indifferent to her medical conditions or needs.

60. As a result of this discrimination, the Plaintiff has actual damages, psychological distress, worry, frustration, humiliation, and loss of capacity for the enjoyment of life. These losses are either permanent or continuing and the Plaintiff will suffer these losses in the future.

**WHEREFORE,** Plaintiff INDIA BAZEMORE demand judgment against Defendant, MIRADOR 1200 CONDOMINIUM ASSOCIATION, INC., to ensure that discrimination in violation of the Fair Housing Acts do not occur in the future, to enjoin Defendants from discriminating against Plaintiff herein, and preventing discrimination to other persons based upon disability in the future as follows:

a. That the Court declare that the actions of the Defendant violated the Fair Housing Amendments Act by discriminating against persons with disabilities;

b. That the Court enjoin the Defendant from discriminating against Plaintiff or any other person, because of because of their disability and immediately order the Defendants to provide a handicapped parking spot to Plaintiff so she may enjoy ingress and egress from their home;

c. That the Court enjoin the Defendant MIRADOR 1200 CONDOMINIUM ASSOCIATION, INC. to establish objective policies and procedures to permit an accommodation for a person with a disability;

d. An award of appropriate compensatory and punitive damages to Plaintiff, INDIA BAZEMORE, against the Defendant to compensate them for their actual damages and for the humiliation, embarrassment and emotional distress cause by the Defendants' discriminatory actions;

e. That the Court declare that the Defendants' acts were willful and wanton and in reckless disregard of the Plaintiffs' civil rights under law;

f.  Order Defendants to provide a notice to all owners and tenants of MIRADOR 1200 CONDOMINIUM ASSOCIATION, INC. their rights under the Fair Housing Act, including their right to have accommodations or modifications if they have a disability;

g.  Order that the Defendant instruct all of its employees, agents, independent contractors and/or other persons who deal with the rental or management of any and all housing currently managed and/or controlled by Defendant, of the terms of the Court's Order and the Fair Housing Act, Fair Housing Act and implementing regulations;

h.  Order that the Defendant shall maintain for inspection by Plaintiffs and all other tenants or owners at its condominium offices, copies of the Fair Housing Act, Fair Housing Amendments Act and implementing regulations;

i.  Find that the Plaintiff is entitled to an award of attorneys' fees and costs, and reserve ruling as to the amounts and the applicable multiplier until the conclusion of the trial on this matter;

j.  And grant any other such relief as this Court deems just and equitable.

**THE PLAINTIFF DEMAND A JURY TRIAL FOR ALL SUCH ISSUES SO TRIABLE IN THIS MATTER.**

### DEMAND FOR JURY TRIAL

Plaintiff demand a jury trial for all issues so triable.

Respectfully Submitted on this 6th day of November, 2019.

By: *s/Matthew W. Dietz*
Matthew W. Dietz, Esq.
Fla. Bar No.: 84905

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of November, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties and counsel of record, or in some other authorized manner for those counsel or parties who are not authorized to receive notices electronically.

        DISABILITY INDEPENDENCE GROUP, INC.
        2990 Southwest 35th Avenue
        Miami, Florida 33133
        T: 305-669-2822
        F: 305-442-4181
        Email: MDietz@justDIGit.org
               aa@justdigit.org
               jforti@justdigit.org

By**:**   /s/ Matthew W. Dietz
          Matthew W. Dietz, Esq.
          Florida Bar No.: 0084905
          Justin Forti, Esq.
          Florida Bar No.: 117720